IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JACKSON, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:17-cv-622 ) ) |
| v. | ) **COLLECTIVE AND CLASS** ) **ACTION COMPLAINT** |
| ETTAIN GROUP, INC., | ) ) |
| Defendant. | ) **(JURY TRIAL DEMANDED)** ) ) ) |

Plaintiff James Jackson ("Plaintiff" or "Jackson"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, against Defendant, Ettain Group, Inc. ("Defendant" or "Ettain") and alleges upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF ACTION

1. Plaintiff brings this action to redress Defendant's violation of the FLSA by knowingly suffering or permitting Plaintiff and other similarly situated workers (collectively, "Class Members") to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours. Plaintiff also brings this action to redress Defendant's violation of the NCWHA by knowingly and intentionally failing to pay Plaintiff and the Class Members all wages accruing to them on their regular paydays. Plaintiff and Class Members worked for Defendant as hourly "Temporary Workers" and other similar positions, regardless of

1

their precise titles and were misclassified as "exempt" from the overtime provisions of the FLSA

**JURISDICTION AND VENUE**

2.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit, attached hereto as Exhibit A.

3.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business within this District and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

**PARTIES**

6.     Representative Plaintiff Jackson is an adult citizen and resident of North Carolina who worked for Defendant in Charlotte, North Carolina as an hourly Temporary Worker from on or about January 25, 2017 until August 28, 2017.

7.     Throughout this period, Jackson was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and NCWHA.

8.     Defendant is a North Carolina corporation with its principal place of business located in Charlotte, North Carolina. The company provides temporary contract employees to customers throughout the United States.

9.     Defendant is covered by the provisions of the FLSA because it is an "enterprise engaged

in commerce" under the FLSA, 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL ALLEGATIONS

10. Plaintiff and Class Members are employees who worked for Ettain Group as Temporary Workers, or other similarly titled positions, during the statutory period. Plaintiff and Class Members all were misclassified as "exempt" employees under the FLSA and shared similar compensation plans in that they were paid a straight hourly rate for all hours worked and not paid an overtime premium for hours worked in excess of 40 in a workweek.

11. Ettain dictates and controls all aspects of Plaintiff's and Class Members' work, including hiring, termination, work schedules, and the amount of compensation they receive. Ettain also controls the scheduling and timekeeping practices applicable to Plaintiff and Class Members. Despite the fact that Plaintiff worked more than 40 hours during given workweeks, he was not paid an overtime premium while employed by Defendant.

12. Pursuant to their scheme to deprive Plaintiff and Class Members of overtime pay, Defendant dictated, controlled, and ratified the wage and hour and all relative compensation policies that applied to Plaintiff and Class Members.

13. Defendant encouraged, required, suffered, and/or permitted Plaintiff and Class Members to work, and they routinely did work, in excess of 40 hours in given workweeks without compensation for overtime wages earned at a rate of one and one-half times their regular rate.

14. Defendant was aware, or should have been aware, that Plaintiff and Class Members performed non-exempt work that required payment of overtime compensation.

15. Plaintiff and Class Members were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result

of Defendant's improper and willful failure to pay Plaintiff and Class Members in accordance with the requirements of the FLSA and NCWHA, Plaintiff and Class Members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

17. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated individuals:

> All individuals who worked for Ettain Group as hourly Temporary Workers, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweek. (the "FLSA Collective").

18. Plaintiff is a member of the FLSA Collective he seeks to represent because he worked as a Temporary Worker during the relevant period and was routinely required, suffered or permitted to work more than 40 hours per week without proper overtime compensation.

19. Although Plaintiff and the members of the FLSA Collective may have worked in different locations throughout the relevant period, this action is properly maintained as a collective action because Plaintiff and members of the FLSA Collective were similarly situated. Specifically:

   a. Defendant employed Plaintiff and the members of the FLSA Collective as hourly Temporary Workers;

   b. Defendant required Plaintiff and the members of the FLSA Collective to sign form contracts entitled "Temporary Worker Agreements" that are substantially similar;

   c. Defendant misclassified Plaintiff and the members of the FLSA Collective as exempt from the overtime provisions of the FLSA;

4

d. Plaintiff and members of the FLSA Collective were subject to the same compensation plan;

e. Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week;

f. Regardless of their work location, Defendant did not pay Plaintiff and members of the FLSA Collective an overtime premium of one and one-half times their regular rate for all time worked in excess of 40 hours per week;

g. Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and members of the FLSA Collective, regardless of their work location.

20. Defendant encouraged, suffered, and/or permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per week without proper overtime compensation.

21. Defendant knew or should have known that Plaintiff and members of the FLSA Collective performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiff and members of the FLSA Collective of wages and overtime compensation.

22. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

23. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

24. There are numerous similarly situated current and former members of the FLSA Collective nationwide who would benefit from the issuance of court-supervised notice and an opportunity to

5

Case 3:17-cv-00622-RJC-DSC    Document 1    Filed 10/25/17    Page 5 of 13

join the present action if they choose.

25. The precise number of members of the FLSA Collective can be easily ascertained using Defendant's personnel, time, and payroll records and other records. Given the composition and size of the FLSA Collective, their members may be informed of the pendency of this action directly via U.S. mail, e-mail, and otherwise.

## NCWHA CLASS ALLEGATIONS

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims for relief on his own behalf and as a representative of a class under the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, to recover unpaid wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the NCWHA.

27. Plaintiff seeks class certification under Rule 23 for the following class under the NCWHA:

> All individuals who worked for Ettain Group as Temporary Workers, or any other similarly titled position, in the state of North Carolina during the applicable statute of limitations period who were not timely paid all earned wages on their regular paydays.

28. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

   a. The NCWHA Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the NCWHA Class;

   c. The claims or defenses of the Plaintiff are typical of the claims or defenses of the NCWHA Class; and,

   d. The Plaintiff will fairly and adequately protect the interests of the NCWHA Class.

### Numerosity

29. Upon information and belief, Plaintiff estimates that there are in excess of one-hundred

6

(100) putative class members in the NCWHA Class. The precise number of NCWHA Class members can be easily ascertained using Defendant's personnel, time, and payroll records and other records.

## Commonality

30. There are numerous and substantial questions of law and fact common to the NCWHA Class members, including, without limitation, the following:

   a. Whether Defendant failed to pay the NCWHA Class all earned and accrued wages on their regular paydays;

   b. Whether Defendant maintained common timekeeping and payroll systems and policies with respect to the NCWHA Class, regardless of their work location;

   c. Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the NCWHA Class; and,

   d. The nature and extent of the class-wide injury and the appropriate measure of damages for the NCWHA Class.

31. Plaintiff anticipates that Defendant will raise defenses that are common to the NCWHA Class.

## Adequacy

32. Plaintiff will fairly and adequately protect the interests of all members of each of the NCWHA Class, and there are no known conflicts of interest between Plaintiff and NCWHA Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

## Typicality

33. The claims asserted by the Plaintiff are typical of the NCWHA Class members he seeks to

represent. The Plaintiff has the same interests and suffers as a result of the same unlawful practices as the NCWHA Class members.

34. Upon information and belief, there are no other NCWHA Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

### Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

35. The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected NCWHA Class members in the same manner: they were suffered and/or permitted to work without receiving all earned wages on their regular paydays.

36. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

37. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a

8

class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

39. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

40. Plaintiff and the members of the FLSA Collective are similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 216(b).

41. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

42. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

43. Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times

their regular hourly rate for those additional hours.

44. Plaintiff and members of the FLSA Collective are not properly classified as exempt.

45. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

46. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

48. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT

49. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

50. Plaintiff is a member the NCWHA Class, which meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

51. Defendant failed to pay Plaintiff and the NCWHA Class all accrued wages on the employees' regular payday for all hours worked.

52.  Defendant's conduct, described above, constitutes willful violations of the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, including but not limited to N.C. Gen. Stat. § 95-25.6 and § 95-25.7.

53.  As set forth above, Plaintiff and the NCWHA Class members have sustained losses in compensation as a proximate result of Defendant's violations of the NCWHA. Accordingly, Plaintiff, on behalf of himself and the NCWHA Class members, seeks damages in the amount of their unpaid earned compensation, plus liquidated damages and interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

54.  Plaintiff, on behalf of himself and NCWHA Class members, seeks recovery of his attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James Jackson, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

   a.  Certify a collective action of the FLSA Collective under Count I and designate Plaintiff as the representative of all those employees similarly situated;

   b.  Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses and current (or best known) home addresses of the members of the proposed FLSA Collective;

   c.  Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of proper overtime compensation, as required by the FLSA;

   d.  Certify a class action of the NCWHA Class under Count II;

e. Appoint Stephan Zouras, LLP as counsel for the NCWHA Class under Rule 23(g);

f. Declare and find that Defendant committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay proper overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA;

   iii. Violated payday provisions of the NCWHA by failing to timely pay all earned wages to Plaintiff and NCWHA Class members on their regular paydays and upon separation of employment; and

   iv. Willfully violated provisions of the NCWHA.

g. Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA and NCWHA;

h. Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA;

i. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA and NCWHA;

j. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and NCWHA;

k. Grant leave to amend to add claims under applicable state and federal laws;

l. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

m. For such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 25, 2017         Respectfully Submitted,

/s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr.
North Carolina Bar No. 50276
STEPHAN ZOURAS, LLP
15720 Brixham Hill Ave., Suite 331
Charlotte, NC 28277
(704) 612 0038
pgibbons@stephanzouras.com

James B. Zouras (*pro hac vice* forthcoming)
Teresa M. Becvar (*pro hac vice* forthcoming)
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233 1550
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

***Counsel for Plaintiff and the Putative Collective and Class***

13